```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


JOHN DOE,                            )
                                     )
          Plaintiff,                 )
                                     )
                                     )
                                     )
     v.                              ) No. 1:23-cv-02054
                                     )
                                     )
ROSALIND FRANKLIN UNIVERSITY,        )
et al.,                              )
                                     )
          Defendant.                 )
```

## Order

Plaintiff John Doe was a male student at Rosalind Franklin University ("RFU" or the "University") who claims to have been unlawfully expelled from the University for violating its Title IX Policy. The allegations of his complaint provide a detailed description of the allegations against him by a fellow student he calls Jane Roe. According to the complaint, in November of 2021, John played a "drinking game" at an off-campus party at Jane's house, where he consumed several alcoholic drinks. John then went to a bar with Jane and others, where he consumed more alcohol and became "very intoxicated." He then consumed a marijuana "edible" and blacked out shortly thereafter. John claims to remember nothing further from that night until he awakened the next morning, fully clothed, on Jane's couch.

Approximately a week later, Jane asked to meet with John, and at their meeting she described a sexual encounter between the two of them on the night of John's intoxication. Jane told John that she had not consented to having sex with him. Having no memory of the encounter due to his intoxication, John was "shocked" to learn that Jane claimed he had sexually assaulted her.

In March of 2022, Jane filed a formal complaint against John pursuant to Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681 et seq. John received a Notice of Allegations from the University's Vice President for Diversity, Equity, and Inclusion, which did not include any details of the allegations against him or identify the specific policies he allegedly violated. A second Notice of Allegations informed John that Jane claimed he had "engaged in unwanted verbal and physical conduct and touching, aggressive pushing, holding down, moving around, and unconsensual (sic) sex with her more than once," and that such behavior "could constitute sexual assault, sexual violence, and/or sexual harassment" under the University's Title IX Policy.

John's complaint goes on to allege that following interviews with Jane, John, and six witnesses, the University issued an Investigative Report on May 12, 2021. Four days later,

John initiated the process to withdraw from the University. After John was informed that his withdrawal was approved, he emailed defendant Barbato stating that he "did not plan on participating in the Title IX Hearing" because as a former student, the University's policies no longer applied to him. John thus requested that the proceedings be dropped. But on May 31, John learned that his withdrawal had not been completed, and that the Title IX hearing would go forward. A Final Investigative Report was issued, and a virtual hearing was held in which John participated. Following these proceedings, John was found responsible for violating the University's Title IX policy and expelled from the University. John appealed the decision but was unsuccessful. This action followed, naming the University, the University's Board of Trustees, and three individual defendants involved in the Title IX proceedings: Allena Barbato, Nancy Parsley, and Heather Kind-Keppel.

John complains that the University's investigation was shoddy and biased; that the University's decision to proceed after his attempt to withdraw was arbitrary and reflects its "agenda" of improperly exercising Title IX jurisdiction for the purpose of condemning him; and that the proceedings as a whole were conducted in a manner that discriminated against him based

on his sex. In addition to a discrimination claim under Title IX, John asserts claims for breach of contract and negligence.

Contemporaneously with his complaint, John moved ex parte to proceed under a pseudonym, arguing that the sensitive nature of the allegations against him and the potential for irreparable harm to him from public disclosure of those allegations justified "a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). I denied the *ex parte* motion, and John refiled it with notice to defendants, who have now responded. For the following reasons, I deny John's motion.

The Federal Rules of Civil Procedure provide that "the complaint must name all the parties." Fed. R. Civ. P. 10(a). "Judicial proceedings are supposed to be open ... in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Accordingly, "[t]he use of fictitious names is disfavored" and is justified only in "exceptional circumstances." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. The Seventh Circuit has not articulated a precise test for determining when exceptional circumstances exist, but it has found anonymity warranted in

4

cases involving minors, victims of rape or torture, and litigants at risk of retaliation, such as a plaintiff "charging a police officer with sexual misconduct that he denies." *City of Chicago*, 360 F.3d at 669 (7th Cir. 2004). By contrast, plaintiffs alleging sexual harassment are not entitled to pursue their claims anonymously, *see id.*, and even adult victims of sexual assault may be required to name themselves even though such cases commonly feature allegations of salacious or humiliating conduct, *see, e.g., Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (citing cases). Whether to allow a party to proceed under a fictitious name is within the court's discretion. *K.F.P. v. Dane Cty.*, 110 F.3d 516, 519 (7th Cir. 1997).

Here, John argues that his reputation will be irredeemably tarnished if he is forced to litigate in his own name, even if his action is ultimately successful. He contends that "the prolific rise of the #MeToo movement" has created an environment in which "[s]ocial media is now regularly weaponized against men accused of misconduct, with online petitions and protests calling for their termination, resignation, and repudiation, oftentimes before the allegations are even tested in any kind of reliable, unbiased proceeding." Mot., ECF 16 at 13. But motions to proceed under a pseudonym are decided on a case-by-case basis, and John's sweeping argument about "the nation's views on sexual

5

misconduct" does not persuade me that he is entitled to conceal his name in pursuing this action.

John's motion cites extensively to *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137 (S.D. Ind. 1996), a case in which the court *denied* the plaintiff's motion to proceed anonymously. The plaintiff in *Black Expo* claimed, among other things, that he was subjected to sexual harassment and fired for taking time off to receive mental health treatment. He sought to litigate his claims under a fictitious name because adjudicating them on the merits would bring to light his history of substance abuse and mental health hospitalization, which he argued would adversely affect his "current business and personal interests." *Id*. at 141. "Against the backdrop of the presumption in favor of public disclosure," the court balanced these interests against those of the defendants determined that the plaintiff's privacy interests did not warrant departure from the ordinary rule that all parties must be named. *Id*. The court explained that "the mere filing of a civil lawsuit can have significant effects on a defendant," and noted that the plaintiff had raised serious allegations against the defendants and made no effort to conceal their identities. *Id*. The same is true in this case, where plaintiff sues not only the University but also several individual employees whose competence and integrity his allegations impugn.

6

The additional factors the *Black Expo* court considered also weigh against plaintiff: that this is a civil case for money damages initiated by John himself, rather than a criminal case in which he was caught up unwillingly, or one in which was "an unwilling victim of unlawful action by a government." *Id*. Finally, the court considered the specific nature of the plaintiff's claims, which attributed "several forms of serious and deliberate wrongdoing to the defendants." *Id*. The court noted that "[b]asic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly." *Id*. at 141–42 (S.D. Ind. 1996).

It is true that some courts have allowed plaintiffs asserting similar claims against colleges and universities to proceed anonymously. *See, e.g., Doe v. Purdue Univ*., 321 F.R.D. 339, 342 (N.D. Ind. 2017) (collecting cases). It seems to me, however, that if John's far-reaching argument about the cultural implications of the #MeToo movement are correct, i.e., that mere *allegations* of sexual misconduct are irretrievably ruinous to an accused's reputation, then the damage to John is done, regardless of whether he pursues and prevails in this action. Viewed in this light, John's interest in avoiding further embarrassment while pursuing his damages claim against the University and its

7

employees does not warrant departure from the general rule that a complaint must name all parties.

For the foregoing reasons, plaintiff's motion to proceed under a pseudonym is denied. Plaintiff may file an amended complaint identifying him by his name on or before August 18, 2023.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: August 4, 2023